IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-5-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| KENNETH ALEXANDER SHAW, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives and defendant the testimony of the proposed third-party custodian, his sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

Defendant was indicted, along with a co-defendant, on 24 January 2012 for possession of firearms—two fully loaded semi-automatic pistols— by a convicted felon on 22 September 2011 and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1), 924, and 2. The principal findings and reasons underlying the court's determination that detention is required include the following: the strength of the government's case against defendant, including the recovery of the

pistols from the vehicle in which defendant was traveling with the co-defendant and his admission to ownership of one of the pistols; the circumstances of the offense, including its relative recency, the loaded status of the pistols, the presence of the co-defendant in the vehicle who is another convicted felon, defendant's being on probation at the time, his having been placed on probation just two months earlier, and the extended prison term he faces if convicted (particularly in contrast to his prior experience of being given probation after conviction); his criminal history, including 6 felony convictions, among them convictions for assault with a deadly weapon inflicting serious injury and second degree kidnapping in 2010 (for which he received probation); the danger of continued possession of firearms by defendant if he were released; the unsuitability of the proposed third-party custodial arrangement because of the proposed custodian's work schedule, the presence of a minor in the home, and the level of risk of danger and flight presented by defendant; and the other findings and reasons stated in open court. The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 2nd day of March 2012.

_____
James E. Gates
United States Magistrate Judge

3